### John D. McRae and William M. McRae v. Maryette C. Adams.

1. PRACTICE—*Discretion in Setting Aside Defaults.*—Setting a default aside is a matter of discretion with the trial court, and a court of review will rarely interfere with the exercise of such discretion.

Action in Case, for loss of baggage. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed November 21, 1899.

CRATTY, JARVIS & CLEVELAND, attorneys for appellants.

MORAN, KRAUS & MAYER, attorneys for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This is an action on the case brought by appellee to

McRae v. Adams.

recover from appellant the value of a certain telescope satchel and contents. Appellants were common carriers of goods for hire. February 24, 1898, appellee delivered said telescope to them to be by them carried, and it was taken or stolen from their delivery wagon and lost without the fault of appellee.

Appellants were personally served with summons and the declaration filed in apt time for the April term of the Circuit Court, which begun April 18, 1893. April 25th default and judgment were entered. April 29th appellants gave notice of a motion to vacate said judgment. May 14th said motion was denied, and it is from the order denying said motion that this appeal is prosecuted.

From the affidavit of appellant John D. McRae, filed in support of said motion, it appears that he had a conversation with Mr. Jarvis, one of the attorneys for appellants in the matter of this appeal, in regard to this suit. Such appellant states that he intended by such conversation to have said attorney understand that his firm should appear for and defend appellants in this suit. Mr. Jarvis, in his affidavit, states that a conversation occurred between himself and such appellant, but that his firm were not the regular attorneys for appellants; that he did not understand from such conversation that such appellant desired to have his firm appear for and defend appellants in this suit; and that therefore neither he nor his firm gave the matter any attention.

The rule is that setting aside a default is a matter of discretion with the trial court. A court of review will rarely interfere with the exercise of such discretion. The record in this case does not present such facts as would authorize this court to thus interfere. The affidavits do not show sufficient ground for setting aside the default and judgment.

The affidavit of G. W. Houdeshell, filed by appellants, shows that appellants are liable to appellee for the loss and that they have no valid defense. From said affidavit of appellant John D. McRae, it would seem that his contention is, not that appellants are not liable to appellee for the

loss, but that he thinks the verdict and judgment, which are for the sum of $295, should not be for more than $200. The trial judge heard the testimony of the witnesses, and the affidavits as to the supposed value of the lost property were presented to him. We see no reason for interfering with his conclusion.

Perceiving no error in this record, the judgment of the Circuit Court is affirmed.